




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE V. PETERSEN, AUDREY L. FARINO, on behalf of themselves jointly and severally,

Plaintiffs,

v.

RIVERVIEW POLICE DEPARTMENT, et. al., JEFFREY KLAFT, Detective RPD; DAVID RUDICIL, Detective/Sergeant RPD; MICHAEL P. McCARTHY, Detective/Sergeant MSP; CATHEY M. GARETT, County Clerk WCCC, in their individual and official capacities,

Defendants.

CASE NO. 04-60196

HON. MARIANNE O. BATTANI

6

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION AND DENYING PLAINTIFFS' EX PARTE MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Before the Court is Plaintiffs George V. Petersen and Audrey L. Farino's Motion for Reconsideration of Order Summarily Dismissing Complaint. Plaintiffs request reconsideration of three aspects of the Court's decision. For the reasons that follow, the Court GRANTS in part and DENIES in part their request.

## I. INTRODUCTION

Plaintiff Peterson is an inmate at the Chippewa Correctional Facility; Plaintiff Farino is his sister. Defendants include the Riverview Police Department, several members of the department and a clerk of the Wayne County Circuit Court. In their complaint, Plaintiffs allege that property that was seized improperly during the course of the police investigation into their father's death has not





been returned.

Because Peterson was granted *in forma pauperis* status, the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), reviewed the Complaint before Defendants were served. Because the Court found the action failed to state a claim, the Court dismissed the complaint.

## II. STANDARD OF REVIEW

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. A motion for reconsideration which merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Assocs, P.C., 967 F.Supp. 951, 952 (E.D.Mich. 1997).

To that end, a party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D.Mich.1998). In order to prevail, the movant must demonstrate: (1) the court and the parties have been mislead by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. L.R. 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F.Supp.2d 605, 624 (E.D..Mich. 2001); Mktg. Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

## III. DISCUSSION

Plaintiffs advance three bases for reconsideration. First, Plaintiffs assert that the Court erred in its finding that their deprivation of property claim was not cognizable under 42 U.S.C. § 1983. Second, Plaintiffs claim that the Court erred by holding that Plaintiffs' deprivation of property claim is barred by the availability of state remedies. Third, Plaintiffs argue that the Court erred by not

addressing their claim against the state court clerk for her refusal to file a petition for state court relief. The Court discusses each argument below.

**A. Intentional Deprivation of Property under § 1983**

Plaintiffs argue that the Court incorrectly held that their deprivation of property claim is not cognizable under federal law, specifically 42 U.S.C. § 1983. In support of their claims, Plaintiffs cite to Okoro v. Bohman, 164 F.3d 1059 (7th Cir. 1999), and Okoro v. Callaghan, 324 F.3d 488 (7th Cir. 2003). In those two cases the Seventh Circuit Court of Appeals observed that under Rule 41(g), Fed.R.Crim.P., a defendant's motion for return of property after a conviction does not violate the rule articulated in Heck v. Humphrey, 512 U.S. 477 (1994). Heck prohibits a convicted criminal from bringing a civil suit questioning the validity of his conviction until the conviction is set aside.

The Court has reviewed the cited cases and finds they present no basis for reconsideration. The basis for Plaintiffs' complaint is § 1983, not Rule 41(g). Here, the Court did not dismiss the Complaint based upon Heck considerations. Thus, the cases upon which Plaintiffs rely are not relevant to the decision rendered by this Court and provide no basis for a different disposition.

**B. Availability of Remedies**

Plaintiffs claim that the Court erred in finding that, because adequate state remedies were available to them, Plaintiff did not state a claim upon which relief could be granted. According to Plaintiffs, the Court's reliance on Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir. 1995) and Hudson v. Palmer, 486 U. S. 517, 533 (1984) is misplaced. The Court disagrees.

First, Plaintiffs observe that those cases involved civil rights actions by inmates against prison officials whereas, here, Plaintiffs are proceeding against the police department and officers. Plaintiffs' effort to distinguish the cases factually is not persuasive. The identity of the defendants

in Copeland and Hudson was not dispositive; the availability of adequate remedies was.

Plaintiffs next attempt to avoid the import of controlling case law through assertions that the processes under state law although available are inadequate. To demonstrate the inadequacy, Plaintiffs contend that the return of their property should have been handled within the context of the criminal case against Petersen; however, Plaintiffs do not assert that they sought recovery in the context of the criminal case. Additionally, Plaintiffs argue that because such claims would have to be filed in the Third Judicial Circuit Court for Wayne County, the remedies are not available in the present case because the clerk of the Third Judicial Circuit Court failed to properly file Plaintiff's claims.

The Court finds that Plaintiffs have failed to satisfy their burden under governing law to show that state remedies are inadequate. Under Michigan law, available remedies include Michigan Court Rule 3.105, which authorizes an action for claim and deliver, and Mich. Comp. Laws § 600.2920, which provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained. See Copeland, 57 F.3d at 480. "Section 1983 was not meant to supply an exclusive federal remedy for every wrong committed by state officials. Rather the statute is a remedy for only those wrongs which offend the Constitution's prohibition against property deprivation without procedural due process." Vicory v. Walton, 721 F.2d 1062, 1065 (6th Cir. 1983).

**C. Failure to File Complaint.**

Plaintiffs' final ground for reconsideration is their claim the Court erred by not addressing their claim against the state court clerk, Defendant Cathey M. Garett, as a denial of access to the courts. Plaintiffs are correct; the Court did not construe the Complaint as advancing a claim based upon a denial of the First Amendment.

For a party to establish a violation of the right to access to the courts, he or she "must demonstrate that the alleged deprivation actually interfered with his [or her] access to the courts or prejudiced an existing action." In addition, the plaintiff must demonstrate that an "actual injury" resulted from the denial of access to the Courts. Lewis v. Casey, 518 U.S. 343, 349 (1996). The "actual injury" requirement for a denial of access to the courts is "more than just any type of frustrated legal claim." Id. at 353.

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). A liberal reading of Plaintiff's Complaint shows that Plaintiffs have pleaded facts sufficient to show a redressable legal wrong has been committed. Fed.R.Civ.P. 12(b); Dekoven v. Bell, 140 F.Supp.2d 748, 755 (E.D. Mich. 2001).

**IV. CONCLUSION**

In sum, the Court finds that Plaintiffs have failed to carry their burden of proving a palpable defect that warrants reconsideration as to their due process claim. In contrast, Plaintiffs have demonstrated that their Complaint pleads a denial of access to the Courts, which the Court did not consider when it dismissed their Complaint. Accordingly, the motion for reconsideration is GRANTED in part and DENIED in part. In accordance with the Court's decision, Defendants Riverview Police Department, Jeffrey Klaft, David Rudicil, Michael P. McCarthy are DISMISSED.

IT IS FURTHER ORDERED that Plaintiffs' Ex Parte Motion for Extension of time to File Notice of Appeal is DENIED as moot. The Federal Rules of Appellate Procedure require litigants in civil cases to file a notice of appeal "with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(A). But certain post-decision motions,

including a motion for reconsideration, toll this 30-day period. Id. at 4(a)(4). Accordingly, the time period was tolled while Plaintiffs' reconsideration motion was pending.

IT IS FURTHER ORDERED that the United States Marshal shall serve the appropriate papers in this case on Defendant Cathey M. Garett without prepayment of the costs of such service.

Date: JUN 17 2005

MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to George V. Petersen, #237683, Chippewa Correctional Facility, 4269 West M-80, Kincheloe, MI 49784 on this date by ordinary mail.

Deputy Clerk