UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE V. PETERSEN, on behalf of himself
and assignment of claims,

                Plaintiff,

v.

CATHEY M. GARRETT, County Clerk WCCC, in
their individual and official capacities,

                Defendant.
_____/

CASE NO. 04-60196

HON. MARIANNE O. BATTANI
MAG. JUDGE WALLACE CAPEL, JR.

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

This is a pro se prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Currently before the court is "Plaintiff George V. Petersen's Motion for Reinstatement of Claims against former Defendants Review Police Department, Jeffery Klaft, David R. Rudicil and Michael McCarthy;" and "Motion to File Second Amended Complaint." Also pending is "Defendant Cathey M. Garrett's Motion for Summary Judgment."

**II.    SUMMARY JUDGMENT**

Under Fed. R. Civ. P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

1

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.  Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984).  However, the Court is not permitted to judge the evidence or make findings of fact.  Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact.  This burden may be discharged by showing there is an absence of evidence to support the nonmoving party's case.  Celotex Corp., 477 U.S. at 325.  Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue.  Fed.R.Civ.P. 56(e).  To create a genuine issue of material fact, the nonmoving party must produce evidence sufficient to require submission of the issue to a jury.  Lucas v. Leaseway Multi Transp. Serv. Inc., 738 F. Supp. 214, 217 (E.D. Mich, 1990).

### III.   CATHEY M. GARRETT

Defendant claims that the court should grant her Motion for Summary Judgment because: 1) the court lacks subject matter jurisdiction under the Rooker-Feldman abstention doctrine; 2) Plaintiff has failed to state a claim upon which relief can be granted; and 3) there is no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.  Defendant's first argument is without merit.  Plaintiff is not attacking correctness of state court judgements in regard to Defendant Garrett.  Instead, he is contending that Defendant was responsible for his case being dismissed, because she failed to file his documents and court orders in a timely manner.  The Sixth Circuit has stated:

> [w]e stress that the Rooker-Feldman doctrine is not a panacea to be applied whenever state court decisions and federal court decisions potentially or actually overlap. The Supreme Court made clear in Exxon Mobile that the doctrine is confined to those cases exemplified by Rooker and Feldman themselves: when a plaintiff asserts before a federal district court that a state court judgement itself was unconstitutional or in violation of federal law. In such a situation, the plaintiff seeks appellate review of the state court judgment, and the federal district court has no subject matter jurisdiction over such an action.

McCormick v. Braverman, 451 F.3d 382, 395 (6th Cir. 2006).

Defendant claims two other reasons why her Motion for Summary Judgment should be granted. I need not address those arguments, however, because Plaintiff's claims against Defendant should be dismissed for other reasons. Plaintiff's §1983 claims against Defendant must be dismissed because Plaintiff has failed to establish that Defendant had any personal involvement in the alleged unconstitutional activity. On May 11, 2006, this court issued an Order requesting Defendant to file a supplemental brief to address the issue of Defendant's actual knowledge concerning Plaintiff's state court action, and her personal involvement in the allegations claimed by Plaintiff in his Revised Complaint.

In response Defendant sought and obtained permission to file an affidavit which established that she had no personal knowledge or involvement in Defendant's state court actions, and that the responsibility for filing of papers received by the Clerk's office is handled by employees of the office. In order for liability to be imposed under §1983 each defendant must be shown to have been personally involved in the alleged unconstitutional activity. Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982). Plaintiff has not met that criteria in this case. Furthermore, Plaintiff has not established that Defendant condoned, encouraged, or knowingly acquiesced in the alleged misconduct, in order to find supervisory liability under §1983. Id.

In addition, Defendant would be protected by immunity even if Plaintiff had established personal involvement in the alleged misconduct on her part. The Sixth Circuit has held that a county clerk was protected by absolute quasi-judicial immunity in a §1983 action in which a state prisoner alleged that the clerk had violated his rights by delaying adjudication of his petition for post-conviction relief and motion to set aside guilty pleas. Smith v. Shelley County, Tenn., 3 Fed. Appx. 436, 437-38 (6th Cir. 2001) (unpublished disposition) (citing Ireland v. Tunis, 113 F.3d 1435, 1447 (6th Cir. 1997); White by Swafford v. Gerbitz, 892 F.2d 457, 463-64 (6th Cir. 1989)).

Defendant would also have immunity in regard to any state law claims. Mich. Comp. Laws Ann. § 691.1407 Sec.7 (5) (2006) provides:

> A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

Therefore, Plaintiff's claims against Defendant Garrett should be dismissed.

Plaintiff's Motion to Amend his Complaint should be denied for the same reasons as stated above. The proposed amendments would simply allege that the Defendant failed to file documents and orders in a timely manner after the filing of Plaintiff's Complaint. Plaintiff would still be unable to show personal involvement in the alleged misconduct on the part of Defendant, and she would still be protected by immunity.

While a motion to amend should normally be granted, the motion should be denied where the proposed amendment would be futile, or would not survive a motion to dismiss. Thiokol Corp. v. Department of Treasury, Revenue Div., 987 F.2d 376, 383 (6th Cir. 1983).

IV.     **REINSTATEMENT OF CLAIMS**

Plaintiff's Motion to Reinstate Claims should be denied.  Plaintiff cannot sue the Riverview Police Department pursuant to §1983.  It is well established that a city's police department is not a separate entity which is capable of being sued, and furthermore, it is protected by Michigan's governmental immunity statute.  Mich. Comp. Laws Ann. § 691.1401 (2006); McPherson v. Fitzpatrick, 63 Mich. App. 461, 464, 234 N.W.2d 566, 568 (1975); Pierzynowski v. City of Detroit Police Dep't., 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996).

In regard to the other Defendants, Plaintiff cannot state a claim under §1983 for deprivation of property without procedural due process, unless he can establish that state post-conviction remedies are inadequate.  See Hudson v. Palmer, 468 U.S. 512, 104 S.Ct. 3194 (1984).  Plaintiff argues that his state remedies are inadequate, because he has been unable to file his documents and motions in a timely manner.  Plaintiff's lack of success in state court does not establish that that state court remedies are inadequate or unavailable.  See McGhee v. Hanberry, 604 F.2d 9, 11 (5th Cir. 1979).  Furthermore, as Defendant Garrett points out, Plaintiff has available state remedies (e.g. MCR 7.204(A)(3); MCR 7.205(F)(1)) of which he has not yet availed himself.[1]

Thus, Plaintiff has not established why the district court should reverse its previous Order denying his motion for reconsideration.

IV.     **CONCLUSION**

For the reasons stated above, it is respectfully recommended that Defendant Garrett's Motion for Summary Judgment be **GRANTED** in part; that Plaintiff's claims against Defendant be

---

[1] Defendant Cathey M. Garretts's Motion for Summary Judgment filed April 4, 2006, at pages 4-5.

5

**DISMISSED**; that Plaintiff's Motion to Amend his Complaint be **DENIED**; and that Plaintiff's Motion to Reinstate Claims be **DENIED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that, within ten days after being served with a copy of this recommendation, they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

          s/Wallace Capel, Jr.
          **WALLACE CAPEL, JR.**
          **UNITED STATES MAGISTRATE JUDGE**

**Date:**   August 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Aaron C. Thomas,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  George Petersen, # 237683, Chippewa Correctional Facility, 4387 W. M-80, Kincheloe, MI 49784.

                        s/James P. Peltier
                        United States District Court
                        Flint, Michigan 48502
                        810-341-7850
                        E-mail: pete_peltier@mied.uscourts.gov