**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEORGE V. PETERSEN, on behalf of himself
and assignment of claims,

                Plaintiff,

v.

CATHEY M. GARETT, County Clerk WCCC, in
their individual and official capacities,

                Defendant.
_____/

CASE NO. 04-60196

HON. MARIANNE O. BATTANI

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION DISMISSING COMPLAINT**

Before the Court is Plaintiff George V. Petersen's "Objections to the Magistrate Judge's Report and Recommendation (Doc. # 59). For the reasons that follow, the Court **DENIES** Plaintiff's objections and **DISMISSES** Plaintiff's Revised 42 U.S.C. § 1983 Civil Rights Complaint.

**I. BACKGROUND**

Plaintiff George V. Petersen is an inmate at the Chippewa Correctional Facility. He alleges that Defendant Cathay Garrett, Clerk of the Wayne County Circuit Court, denied him access to the court.

Specifically, in his Revised 42 U.S.C. § 1983 Civil Rights Complaint, Petersen alleges that in 1994, he was convicted of the murder of his father and sentenced to a mandatory prison term of life without the possibility of parole. See Compl. at ¶¶ 6, 7. Following his conviction, Petersen moved for return of all property seized in connection with

-1-

the homicide case. Id. at ¶ 8. According to Plaintiff, local police officials informed Plaintiff that the property would be withheld pending the appeal process. Id. at ¶ 9. After his appeal was resolved, Plaintiff "attempted to file a petition for return of property in the Wayne County Circuit Court. Id. ¶ 13. Peterson asserts that he addressed and mailed the petition specifically to the "clerk for Chief Judge Timothy M. Kenney (i.e. Cathey M. Garrett)," id. at ¶ 14, but the petition was never filed. He subsequently filed a "superseding complaint for claim and delivery," id. at ¶ 16, which was assigned to Judge John H. Gillis, Jr. Plaintiff's original petition was summarily dismissed as moot, but after reconsideration, the claims were "deferred. . .to whatever relief was available" in the subsequent case. Id. at ¶ 21.

According to Plaintiff, under Michigan Department of Corrections policy, he was limited to service by regular mail absent a court order directing service by certified mail. Id. at ¶ 21. Plaintiff asserts that he, therefore, included a request for an order directing service by certified mail[1] with his superseding complaint. Id. at ¶ 22, 23. Plaintiff contends that Defendant had "a mandatory duty to file said request/motion with the appropriate judge responsible for hearing all matters in regard to Plaintiff's complaint. . . ." Id. at ¶ 24. According to Petersen, "[a]s a result of Garrett's failure to file his request, Plaintiff had to serve the underlying defendants by way of regular first class mail. His case was subsequently dismissed on May 19, 2005, for a defect in service of process. Id. at ¶ 28.

---

[1]Under MICH.CT.R. 2.105(I)(1), "on a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Subsection (2) requires that a request be made "in a verified motion dated not more than 14 days before it is filed." Id.

On July 7, 2005, Plaintiff submitted a motion for relief from judgment pursuant to MICH.CT.R. 2.612. Id. at ¶ 29. That motion was denied. Id. at ¶ 30. Peterson contends that he had to file an appeal from that order on or before August 3, 2005. His ability to timely file was rendered impossible because Defendant did not send him a copy of the order until August 2, 2005, which he did not receive until August 4, 2005. Id. at ¶¶ 31-32. The gist of Plaintiff's complaint is that the Defendant's failure to send him the order until after the time expired for filing an appeal deprived him of his constitutional right. Id. at ¶ 33.

Defendant filed a dispositive motion, requesting summary judgment on several grounds. In addition to filing his response to the motion, Plaintiff filed a motion for reinstatement of claims against the dismissed defendants and a motion to file a second amended complaint. The Magistrate Judge subsequently requested supplemental pleadings on Defendant's personal involvement and actual knowledge of the facts as pleaded in Plaintiff's complaint. After the requested pleadings were filed, Plaintiff filed another motion for leave to amend his complaint. The Magistrate Judge stayed those motions pending a resolution of the dispositive motion.

The Magistrate Judge subsequently recommended that the revised complaint be dismissed on several grounds. First, he recommended that Plaintiff's 42 U.S.C. § 1983 claims should be dismissed because Defendant lacked personal involvement in the alleged unconstitutional activity. Second, the Magistrate Judge recommended dismissal on the ground that Defendant is protected by immunity under federal and state law even if personal involvement in the alleged misconduct could be established.

In addition, the Magistrate Judge recommended that the Court deny Plaintiff's

motion to amend. The proposed amendment alleges that Defendant failed to file documents and orders in a timely manner after Plaintiff filed his complaint. Therefore, the Magistrate Judge concluded that the immunity doctrine shields Defendant from suit on these claims as well.

Finally, the Magistrate Judge recommended that Plaintiff's motion for reinstatement of the claims raised against those Defendants previously dismissed be denied. The Magistrate Judge concluded that Plaintiff had failed to show a basis for reinstatement.

## II. STANDARD OF REVIEW

Upon filing of objections, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

Plaintiff objects to the Magistrate Judge's recommendation that Defendant's Motion for Summary Judgment be granted. He further asserts that the Magistrate Judge erred in recommending that Plaintiff's Motion for Reinstatement against Former Defendants be denied. The Court addresses each objection below.

### A. Denial of Access to the Court

Section 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or caused to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Under the language of the statute, to succeed on a § 1983 claim, a plaintiff must prove that a person deprived him of a federal right and that person acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  There is no dispute that Defendant acted under color of state law.   Accordingly, the issue is whether Plaintiff can establish a violation of his right to access to the courts.

To meet his burden, Petersen "must demonstrate that the alleged deprivation actually interfered with his access to the courts or prejudiced an existing action." Lewis v. Casey, 518 U.S. 343, 349 (1996).  In addition, the plaintiff must demonstrate that an "actual injury" resulted from the denial of access to the Courts.  Id. at 353.  The "actual injury" requirement for a denial of access to the courts is "more than just any type of frustrated legal claim." Id.

The Magistrate Judge did not reach the merits of Plaintiff's claim because the Sixth Circuit has repeatedly recognized that court clerks and other quasi-judicial officers are immune from suit for their actions at work, provided those actions are intertwined with the judicial process.  See e.g., Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir. 1988) (holding that the issuance of a warrant by a clerk is a judicial act entitled to absolute immunity); accord Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994) (extending judicial immunity to a court administrator considered to be "an arm of the judicial officer").  In sum, a court clerk enjoys absolute quasi-judicial immunity when she performs a "judicial act."  The availability of immunity turns on an analysis of whether the protested conduct was "intertwined with the judicial process." Foster, 864 F.2d at 417.

Here, Plaintiff alleges that Defendant's failure to file his request for alternate service resulted in the dismissal of his case.  Garrett claims that Plaintiff's request for an order for

alternative service was not made by verified motion. See MICH.CT.R. 2.105(I)(2). Her discretion to review documents, interpret rules, and determine whether they comply with the procedural rules, is precisely the kind of judicial act entitled to immunity.

In reaching this conclusion, the Court finds several cases instructive. In Coleman v. Farnsworth, 90 Fed.Appx. 313, No. 03-3296, 2004 WL 339590 (10th Cir. Feb. 24, 2004), the Tenth Circuit Court of Appeals reviewed a claim akin to the one before this Court. In Coleman, the plaintiff alleged that the clerk intentionally failed to make a docket entry showing service and alleged mailing discrepancies. The lower court dismissed the claims. The appellate court affirmed the dismissal, observing that even if a clerk disregards a court order, such an act must be afforded immunity. Its reasoning follows:

> [P]ractically speaking, a clerk must have unfettered discretion to review a complaint or other pleadings supporting the issuance of a summons to determine whether the requisite filing requirements have been met and a summons should issue. In such a case, the defense of judicial immunity should generally apply, regardless of procedural error, motive or good faith.

Id. at 317 (citations omitted). Accord Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989) (holding that a clerk who intentionally delayed filing a complaint for several months and lied about its whereabouts was protected by judicial immunity); Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987) (holding that a clerk was entitled to absolute quasi-judicial immunity for refusing to accept an amended complaint); Eades v. Sterlinski, 810 F.2d 723, 726 (7th Cir. 1987) (clerk who prepared a false certificate and altered the docket was exercising discretion and performing duties integrally related to the judicial process). The Court also finds the decision in Shavers v. Liefer, No. 1:06-cv-196, 2006 WL 1360965, (W. D. Mich. May 15, 2006), persuasive. In Shavers, the plaintiff alleged that the clerk of the court failed to create a docket entry reflecting that the plaintiff

had been mailed a copy of his complaint and exhibits in another action. Plaintiff further alleged that another employee of the clerk's office conspired with the defendant to conceal the failure and altered the docket sheet. The court noted that under the law of the Sixth Circuit, a court clerk performs quasi-judicial duties when he accepts and dockets filings and is therefore immune from suit. Id. at * 1 (citing Bradley v. United States, 84 F. App'x 492, 493, 2003 WL 22976513 (6th Cir. 2003). See also, Lyle v. Jackson, 49 F. App'x 492, No. 02-1323, 2002 WL 31085181, (6th Cir. Sept. 17, 2003) (affirming the dismissal of clerks, who allegedly failed to provide the plaintiff with "requested copies of previous filings and transcripts" based upon quasi-judicial immunity); Smith v. Shelby County, 3 F. App'x 436, No. 00-5792, 2001 WL 128348 (6th Cir. Feb. 6, 2001) (affirming dismissal based on quasi-judicial immunity when clerk was alleged to have delayed the adjudication of a petition for post-conviction relief and a motion to set side a guilty plea). That authority also weighs in favor of finding Garrett is entitled to quasi-judicial immunity for any failure to timely mail an order denying Plaintiff's motion for relief from judgment.[2] See id.

The Court recognizes that the Fourth Circuit reached a difference conclusion in McCray v. Marlyand, 456 F.2d 1, 5 (1972), when it held a clerk who impeded filing post conviction papers was not entitled to absolute immunity. Nevertheless, the weight of the authority from this circuit as well as others favors a finding that Defendant is shielded by quasi-judicial immunity.

Next, the Court finds Plaintiff's assertion that the Magistrate Judge acted as an

---

[2]Even if this conduct is not deemed to be judicial in nature, Plaintiff had ample opportunity under the state procedural rules to appeal the decision. His failure to do so undermines his contention that he suffered an actual injury as a matter of law.

-7-

advocate for Defendant in raising the issue of quasi-judicial immunity to be of no import. Quasi-judicial immunity can be raised by the Court *sua sponte*. Smith, 3 F. App'x at 437. As the appellate court noted, "dismissal of claims barred by immunity is expressly contemplated by §§ 1915(e)92)(b)(iii) and 1915A(b)(2)." Id. Consequently, in this case, where Plaintiff had the opportunity to raise any objection to the applicability of immunity, there is no basis for rejecting the Report and Recommendation on this ground.[3]

### B. Reinstatement of claims

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's Motion for Reinstatement of Claims against Former Defendants be denied. The Magistrate Judge's reasoning is sound: Plaintiff has not demonstrated that the state post-conviction remedies are constitutionally inadequate. See also Doc. Nos. 6, 12. Plaintiff has available state remedies that he has not yet employed. He has failed to show a basis for reinstatement.

### C. Miscelleaneous matters

Because Defendant's request for summary judgment was pending, the Court stayed Plaintiff's Motion to File Second Amended Complaint, Motion to File Third Amended Complaint, and a Motion to Compel Discovery. A district court is free to exercise its decision in deciding whether to grant additional discovery. Glen Eden Hosp., Inc. v. Blue Cross and Blue Shield of Michigan, Inc., 740 F.2d 423 (6th Cir.1984). Because quasi-judicial immunity refers to protection from suit and not simply the assessment of liability,

---

[3]Although neither party raised this issue, the Court notes that it lacks authority to direct the state court in the performance of its duty. See Haggard v. Tenn., 421 F.2d 1384, 1386 (6th Cir. 1970). Therefore, Plaintiff's request for equitable relief suffers the same fate as his claim for damages.

summary judgment may be entered without allowing further discovery.  See Poe v. Haydon, 853 F.2d 418 (6th Cir.1988).  Accordingly, Plaintiff's Motion to Compel and Motion for Leave to File, which were stayed pending resolution of the dispositive motion are moot.  Moreover, in light of the Court's finding that Defendant is shielded from suit by quasi-judicial immunity, Plaintiff's motions to file additional amended complaints, which add allegations of a similar ilk, suffers the same shortcoming as the operative complaint.  Therefore, there is no basis to reject the Report and Recommendation on this basis.

Finally, in addition to the stayed matters, Petersen objects to the Magistrate Judge's Order striking an affidavit filed by Plaintiff.  Plaintiff argues that he is entitled to have his affidavit considered because the Magistrate Judge requested and considered an affidavit from Defendant.

A party may object to a magistrate judge's non-dispositive discovery orders.  FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The reviewing court must affirm the magistrate judge's ruling unless the moving party demonstrates the ruling is "clearly erroneous or contrary to law."  Id.

The Magistrate Judge correctly characterized Plaintiff's affidavit as merely reasserting allegations advanced in the complaint and raising arguments for additional discovery.  Consequently, the Magistrate Judge's decision is neither clearly erroneous or contrary to law, and Plaintiff's objection lacks merit.  Further, in light of the finding that Defendant is entitled to quasi-judicial immunity, the matters raised by Plaintiff in his affidavit are immaterial.

## IV. CONCLUSION

Accordingly, Plaintiff's objections are **DENIED**. Plaintiff's complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

DATED: February 6, 2007

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

Copies of this Order were served upon George V. Petersen and Cathy M. Garrett on this date by ordinary mail and/or electronic filing.

                                            s/Bernadette M. Thebolt
                                            Case Manager